IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCIS MCLAIN,<br><br>Defendant. | CV 24-50-BLG-SPW<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

Before the Court is Defendant Francis McLain's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). He argues that the Complaint is time-barred and fails to state a claim upon which relief can be granted. (*Id.*). The United States filed a response in opposition, contending that McLain's arguments are foreclosed by collateral estoppel and otherwise without merit. (Doc. 17). McLain submitted a reply. (Doc. 18).

For the following reasons, the Court denies McLain's Motion.

## I.   Background

McLain previously owned and managed Kirpal Nurses, LLC ("Kirpal"). (Doc. 1 at 3). In November 2008, he was convicted of nine counts of willfully failing to account for and pay over Kirpal's employment taxes, in violation of 26 U.S.C. § 7202. (*Id.* at 4). The convictions stemmed from nine consecutive quarters of

1

unpaid employment taxes, covering the period from December 31, 2002, through December 31, 2004. (*Id.*). The Eighth Circuit affirmed his convictions, and his subsequent motion for postconviction relief under 28 U.S.C. § 2255 was denied. (*Id.* (citing *United States v. McLain* ("*McLain I*"), 646 F.3d 599 (8th Cir. 2011); *United States v. McLain*, 709 F.3d 1198 (8th Cir. 2013); *United States v. McLain*, Nos. 08-CR-10, 13-CV-630, 2013 WL 5566503 (D. Minn. Oct. 8, 2013))).

Apart from the criminal proceeding, the United States has pursued civil penalties. According to the United States, on May 5, 2014, a duly authorized delegate of the Secretary of the Treasury made timely assessments against McLain under 26 U.S.C. § 6672 for his willful failure to collect, truthfully account for, and pay over Kirpal's employment taxes. (*Id.* at 5). The delegate provided notice and demanded payment, but McLain did not pay. (*Id.* at 6).

The United States initiated this civil action to reduce those trust fund recovery penalty assessments to judgment in the amount of $728,269.90, the outstanding balance as of May 3, 2024. (*Id.*).

## II.   Legal Standard

A party may challenge the legal sufficiency of a complaint by moving to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand such a motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the facts pled permit a reasonable inference of liability. *Id.* Although detailed factual allegations are unnecessary, the complaint must offer more than bare legal conclusions. *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, courts accept well-pleaded factual allegations as true and construe them in the light most favorable to the non-movant. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). "Dismissal . . . is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## III.    Discussion

McLain moves to dismiss the United States's Complaint on two grounds. First, he argues that the action is time-barred. (Doc. 11 at 4–5). Second, he argues that because he never actually withheld funds and held them in trust, he cannot be liable for a trust fund recovery penalty. (*Id.* at 6–11). The United States responds that both arguments fail—because collateral estoppel bars relitigation of the issues and because the arguments are meritless. (Doc. 17).

As a starting point, "[c]ollateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same

3

parties." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 2022). For collateral estoppel to apply: "(1) the issue must be identical to one alleged in prior litigation; (2) the issue must have been 'actually litigated' in the prior litigation; and (3) the determination of the issue in the prior litigation must have been 'critical and necessary' to the judgment." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (citing *Clark*, 966 F.2d at 1320).

The Court begins by addressing McLain's statute of limitations argument and concludes he is collaterally estopped from raising it. The Court then turns to his argument concerning the nonexistence of a trust fund and finds that, although he is not collaterally estopped from asserting that position, the argument fails on the merits.

A.    *Statute of Limitations*

McLain argues that the five-year statute of limitations in 28 U.S.C. § 2462 applies to the United States's collection of § 6672 liabilities against him because § 6672 imposes a civil penalty and § 2462 "explicitly applies to an action to enforce 'any civil fine, penalty, or forfeiture, pecuniary or otherwise.'" (Doc. 11 at 4 (citing 28 U.S.C. § 2462)). He therefore contends that the Complaint "is not timely because the alleged employment tax trust fund violations accrued more than five years before the commencement of this action." (*Id.* at 4–5).

4

McLain made this same argument to the Ninth Circuit in *McLain v. McLain* ("*McLain II*"), Nos. 23-35304, 23-4221, 2025 WL 545712, at \*4 (9th Cir. Feb. 19, 2025), asserting that the United States was time-barred from collecting against the same § 6672 assessments under § 2462's five-year limit on "the enforcement of any civil fine, penalty, and forfeiture." The Ninth Circuit rejected that argument, holding that the applicable statute is 26 U.S.C. § 6502, which governs "collection after assessment" and provides a ten-year limitations period. *Id.* The United States's action was therefore not time-barred. *Id.*

Based on *McLain II*'s ruling, collateral estoppel applies here. First, the issue is identical. McLain's argument to the Ninth Circuit—that the United States was time-barred from collecting these same § 6672 assessments under § 2462—is the same argument he advances here. The Ninth Circuit has already ruled that § 6502's ten-year limitations period applies to these assessments. *See id.*

Second, the issue was actually litigated. The parties fully briefed the limitations period, and the Ninth Circuit resolved it on the merits. *See* Opening Brief of Frank McLain (Doc. 32.1) at 29–32, Brief for the Appellee United States (Doc. 44.1) at 54, Reply Brief of Frank McLain (Doc. 54.1) at 12, *McLain II* (Nos. 23-35304, 23-4221).

Third, the issue was critical and necessary to the judgment. Whether the five-year statute of limitations applied was essential to the Ninth Circuit's determination

5

that the United States's collection action was timely; the court could not have affirmed the United States's ability to collect without deciding which statute of limitations controlled. Had § 2462's five-year limitation applied, the action would have been time-barred.

Because all elements of collateral estoppel are satisfied, the Court concludes that McLain is precluded from relitigating his argument that the United States's claims are time-barred under § 2462.[1]

### B.    Failure to State a Claim

McLain next argues that the United States fails to state a claim because, in his view, "no trust fund [ever existed]," and therefore "there could have been no loss from any such non-existent trust fund, and again, no basis to impose a penalty to recover non-existent losses." (Doc. 11 at 8). He raised the same contention in his prior tax-refund suit against the United States, where Judge Cavan rejected it. *McLain v. McLain*, No. CV 16-36-BLG-SPW, 2018 WL 1419081, at *6 (D. Mont. Jan. 17, 2018). On appeal, however, the Ninth Circuit expressly declined to reach the merits of that argument. *McLain II*, 2025 WL 545712, at *4. The court explained that even assuming McLain's "challenges to the merits of the tax assessments [were] meritorious, [it] could not hear those claims," because a taxpayer "may not use a

---

[1] Applying the ten-year statute of limitations, the Complaint—filed May 3, 2024—was timely because it was submitted within ten years of the assessments made on May 5, 2014.

section 2410 action to collaterally attack the merits of an assessment." *Id.* (citing *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990)).

Thus, although McLain is collaterally estopped from disputing the applicable statute of limitations and from denying the elements of § 6672 established by his § 7202 conviction, the Court is not convinced that the existence of a trust fund—as a legal prerequisite to the § 6672 assessment—was fully litigated in the prior action. The issue presented here is identical to the one raised previously, and both parties had an opportunity to address it, but the Ninth Circuit made clear that resolving that question was neither critical nor necessary to its judgment and, indeed, was not a proper issue to decide in that proceeding. *Id.* The Court therefore addresses the merits of McLain's trust-fund argument here and concludes that the United States has plausibly stated a claim for relief.

McLain's contention that the United States has failed to state a claim is flawed in several respects. First, his argument that he cannot be liable because he did not create an actual trust fund is incorrect. The Supreme Court's decision in *Begier v. IRS*, 496 U.S. 53, 61 (1990), confirms that 26 U.S.C. § 7501 does not require segregation of withheld taxes for a trust to arise. The Court rejected the notion that a trust exists only if the employer physically sets aside the withheld amounts, explaining that such a rule would allow employers to avoid the creation of a trust simply by refusing to segregate funds. *Id.* Likewise, *Slodov v. United States*, 436

U.S. 238, 243 (1978), makes clear that "[t]here is no general requirement that the withheld sums be segregated from the employer's general funds," nor must they be placed in a separate account. Thus, McLain's failure to create a literal trust fund does not insulate him from liability under the trust fund doctrine.

Second, McLain's related argument—that he cannot be liable because he never actually withheld any funds from employees—is also incorrect. Under 26 U.S.C. § 3102(a), employers must deduct the employee share of FICA taxes "as and when" wages are paid. Similarly, under 26 U.S.C. § 3402(a)(1), employers must deduct and withhold federal income tax "upon such wages" at the time wages are paid. And because § 7501(a) provides that amounts an employer is "required to collect or withhold" are held "in trust for the United States," the statutory trust arises by operation of law at the moment wages are paid. *See Begier*, 496 U.S. at 60 ("[T]he act of 'collecting' occurs at the time of payment."). Thus, once wages are paid, the employer becomes responsible to the United States for the in-trust amount regardless of whether the employer actually withholds. An employer's failure to segregate funds, create a separate account, or actually withhold the required amounts does not prevent the trust from arising.

Section 6672 further confirms this point. It imposes liability on any person required to collect, withhold, account for, or pay over taxes who willfully fails to do so, and it covers "the total amount of the tax evaded, or not collected, or not

8

accounted for and paid over." 26 U.S.C. § 6672(a).  This language is deliberately broad.  *Leb v. United States*, No. CV-95-634, 1996 WL 442722, at *7 (C.D. Cal. Mar. 12, 1996); *see also Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir. 1975); *Maggy v. United States*, 560 F.2d 1372, 1373 (9th Cir. 1977).  It makes clear that a responsible person may be liable not only when an employer actually withholds taxes and then fails to remit them, but also when the employer fails to collect or withhold the taxes in the first place, or fails to account for or pay over the amounts that should have been withheld.

As an aside, McLain characterizes the United States as attempting to hold him liable for "employment taxes which they speculate *should have been* withheld by the alleged employer Kirpal Nurses if the workers had been treated as 'employees' instead of 'independent contractors.'" (Doc. 11 at 9).  But his purported treatment of these individuals as independent contractors is immaterial based on facts arising from his conviction.  The jury found—and the Eighth Circuit affirmed—that the individuals were employees and that McLain willfully misclassified them.  *See McLain I*, 646 F.3d at 602–03.  That determination forecloses his argument here.

Because McLain provides no authority for the proposition that the nonexistence of a segregated trust fund bars liability, the United States did not fail to state a claim by not alleging whether an actual trust fund existed or whether McLain actually withheld funds.  And in any event, the § 6672 elements are met.

9

The United States alleges that McLain was required to collect, account for, and pay over employment taxes and willfully failed to do so.[2] It further alleges that on May 5, 2014, it made timely § 6672 assessments against McLain based on his convictions, and that those assessments remain unpaid.

Accepting the Complaint's allegations as true and viewing them in the light most favorable to the United States, the facts sufficiently plead the elements of liability under § 6672. The allegations therefore state a valid claim.

## IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Francis McLain's Motion to Dismiss (Doc. 10) is DENIED.

DATED this _23rd_ day of July, 2026.

SUSAN P. WATTERS
United States District Judge

---

[2] According to the Complaint, the § 6672 assessments are civil penalties based on McLain's failure to collect, account for, and pay over employment taxes. (Doc. 1 at 5). McLain argues that this characterization misstates the basis for his convictions, asserting that the § 7202 convictions involved only his failure to account for and pay over taxes. (Doc. 11 at 6–7). However, he identifies no authority suggesting that the language of a prior § 7202 indictment restricts the scope of a later civil assessment under § 6672.